IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 18-cv-01910-MSK-SKC

WINTHROP INTELLIGENCE, LLC, and
ROBERT SCOTT BROOKS,

    Plaintiffs,

v.

HARVARD CIDER COMPANY, LLC,
CHASE BROOKS, and
MARK FINNEGAN,

    Defendants.

---

**OPINION AND ORDER DISMISSING ACTION**

---

**THIS MATTER** comes before the Court *sua sponte*.

On July 27, 2018, the Plaintiffs commenced this action with a Complaint **(# 1)** alleging claims sounding in breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, and violation of the Colorado Consumer Protection Act, all arising from a business deal gone wrong. The Plaintiffs invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.[1]

On the same date, this Court entered an order **(# 4)** *sua sponte* noting that "the Complaint's allegations supporting federal subject-matter jurisdiction are facially defective." The Court noted that both Winthrop Intelligence, LLC and Harvard Cider Company, LLC were

---

[1] Both the original and amended Complaints allege that the Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. *Docket # 1*, ¶ 10; *Docket # 6*, ¶ 10. However, no federal question appears on the face of any of the Plaintiffs' claims.

1

limited-liability companies whose citizenship was determined based on the citizenship of each of their respective members. *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015). The Court observed that the Complaint did not identify the membership of the two entity parties, nor the citizenship of each of those members. Thus, the Court directed that the Plaintiff "file an Amended Complaint curing the defect or otherwise show cause why this action should not be dismissed for lack of subject-matter jurisdiction."

On July 30, 2018, the Plaintiffs filed an Amended Complaint (**# 6**). That document identified the members of Plaintiff Winthrop Intelligence, LLC and their citizenship. But it contained no allegations of the membership of Harvard Cider Company, LLC or those members' citizenship. *Id.*, ¶ 3 ("Defendant Harvard Cider Company, LLC is a Massachusetts limited liability company in good standing with the Massachusetts Secretary of State's Office and having a last known principal place of business [in] Boston, Massachusetts").

The party asserting the existence of federal subject-matter jurisdiction – here, the Plaintiffs – has the burden of identifying facts sufficient to show that such jurisdiction exists. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). To adequately allege subject-matter jurisdiction premised on diversity of citizenship, the citizenship of every party must be identified. *Buell v. Sear, Roebuck & Co.*, 321 F.2d 468, 470-71 (10th Cir. 1963). The Plaintiffs' failure to identify Harvard Cider Company, LLC's citizenship is thus fatal the Court's exercise of subject-matter jurisdiction here. The Court, having previously given the Plaintiffs notice of the jurisdictional defect and an opportunity to cure it via amendment, must assume that the Plaintiffs' continued failure to identify Harvard Cider Company, LLC's citizenship in the Amended Complaint is an indication that the Plaintiffs are unable to do so. Consequently, the Court finds that it lacks subject-matter jurisdiction over this action. The Amended Complaint is

**DISMISSED** without prejudice due to lack of subject-matter jurisdiction and the Clerk of the Court shall close this case.

Dated this 20th day of August, 2018.

BY THE COURT:

_(signed) Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge